UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 20-CR-249 (DLF)** |
| **v.** | : | |
| **ARIC MASON,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. The defendant, Aric Mason, has admitted to violating the mandatory condition that he would not commit another federal, state or local crime while on supervised release, specifically by unlawfully possessing fentanyl, cocaine, heroin, tramadol, and a fentanyl precursor on April 11, 2026. For the reasons herein, the United States requests that the Court revoke Mason's supervised release and sentence him to a period of 6 months' incarceration, the bottom of the Guidelines Range, followed by an additional term of 12 months supervised release, pursuant to the allocution cap in the global agreement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Case

On November 5, 2020, a federal grand jury charged Mason with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 1 (Complaint), 6 (Indictment). On May 5, 2021, Mason pleaded guilty to that count pursuant to a plea agreement, in which the Government agreed to cap its allocution to 16 months incarceration. ECF No. 30 at

5. Based on the Statement of Offense, Mason was the sole occupant and driver of a vehicle that United States Secret Service stopped and searched. See ECF No. 32 at 2–4. In a compartment behind the armrest in the center-rear seat of the vehicle, law enforcement recovered a Metro Arms Commander .45 caliber semiautomatic handgun loaded with one round in the chamber and thirteen rounds in a fifteen round capacity magazine. *Id.* at 2–3. On August 23, 2021, this Court sentenced Mason to a term of 16 months' incarceration, followed by 3 years of supervised release. ECF No. 48.[1]

**B. Supervised Release Performance**

It is unclear from the documents available to undersigned exactly when Defendant was released from BOP. By August 2022, however, the Court ordered the Defendant to participate in a mental health treatment program as part of reentry based on a July 2022 Probation petition. Min Order 8/11/2022. On November 2, 2023, the Court held a preliminary revocation hearing where the Court "admonishe[d] defendant to procure employment, treatment, a vocational program and to work with Officer Larry Quinn." Min. Entry dated 11/2/2023. The Court did not appear to make a finding on the petition that prompted that hearing but continued to encourage Defendant to participate in treatment and seek employment. *See* Min. Entry dated 1/11/2024.

On March 5, 2025, the Court revoked Defendant's release based on a February 15, 2025 violation of the condition that Defendant must submit to substance abuse testing and not attempt to obstruct or tamper with testing methods. *See* ECF No. 66. The Court sentenced Defendant to one day and a further term of 24 months of supervised release. *Id.*

1 Based on the final PSR (ECF No. 47), this sentence was below the applicable Guidelines Range of 21 to 27 months based on Offense Level of 12 and Criminal History Category IV.

On May 15, 2025, Probation filed another petition alleging that Defendant failed to provide a drug screen, used and possessed marijuana on two occasions, failed to report on two occasions, failed to secure employment, and failed to comply with his probation officer's instructions, and failed to allow his probation officer to take contraband. *See* ECF No. 68. Although the Court held a preliminary revocation hearing and parties briefed sentencing on that petition, ECF Nos. 70, 71, based on the docket, the Court held regular status hearings and updates in lieu of final revocation hearing. *See* Min. Entries dated. 7/1/2025, 8/8/2025, 9/23/2025, 12/9/2025.

On January 26, 2026, Probation filed a petition alleging that Defendant was arrested for public consumption of marijuana but failed to report it. ECF No. 74. Adopting Probation's recommendation, the Court took no action and continued Defendant on supervised release.

On May 1, 2026, Probation filed the petition that is the subject of this resolution, alleging that Defendant violated a mandatory condition of release by committed another federal, state, or local crime based on an April 11, 2026 incident. ECF No. 77. That incident produced two other criminal cases: 2026 CTF 005436 and 2026 CMD 005480. Based on the public docket, the D.C. Office of Attorney General has dismissed 2026 CTF 005436. The parties here have reached a global agreement by which Mason will admit to the violation in this case, and in exchange the Government will dismiss 2026 CMD 005480.

### C. <u>The Violation Conduct</u>

On April 11, 2026, in the 600 block of H Street, NE, an officer with United States Capitol Police pulled over a Nissan Altima driven by the Defendant after observing the vehicle, among other things, speeding, running a red light, and erratic driving. After interacting with the

Defendant and conducting field sobriety tests, the officer placed Defendant under arrest for DUI and reckless driving.[2]

The officer removed two wads of cash banded by a rubber band in Defendant's front left pocket and removed loose cash from his left rear pocket. The cash totaled $1,626, largely in $20 denominations. *See* Proffer of Facts ¶ 4.



USCP officers transported Defendant to headquarters located at 119 D Street NE for processing. Prior to transport, another officer had observed Defendant appearing to scrape his handcuffs against the transport seat. After arriving, the original reporting officer noticed that

2 The facts in this paragraph are derived from the police paperwork but not admitted by the defendant.

Mason had "flipped" his handcuffs from behind his back to his front; Mason said he was uncomfortable.

After Mason left the vehicle, the reporting officer checked observed two small bags with the tops twisted next to the seat belt clips directly next to wear Mason had been sitting. The officer checked the rear driver side seat and observed additional bags between the rear door and bottom edge of the seat. In total, there was one colorless plastic bag containing white solid material and four bags containing a brown powdery substance.






The white powdery substance in the large clear bag was lab tested and confirmed to weigh 3.69 grams and contain cocaine (commonly known as an eight ball). Proffer of Facts ¶ 2. The four remaining clear bags containing brown powdery substance were not lab tested and field tested inconclusive.

Inside headquarters, law enforcement conducted a strip search of Mason. Defendant expelled a clear bag with a brown powdery substance from his rectum.



The brown powdery substance was lab tested and confirmed to weigh 1.37 grams and contain 4-ANPP (a fentanyl precusor), fentanyl, heroin, and tramadol. Proffer of Facts ¶ 3. Defendant admits that he possessed controlled substances including cocaine, fentanyl, and heroin. Proffer of Facts ¶ 1.

## II. LEGAL STANDARD

Revocation is mandatory for possessing a controlled substance in violation the terms of supervised release. 18 U.S.C. §§ 3565(b), 3583(g)(1); U.S.S.G. § 7C1.5, app. note 2. In addition to the prison term authorized in 18 U.S.C. § 3583(e)(3), the Court may also re-impose a sentence of supervised release, up to the term authorized for the original offense less any imprisonment imposed on revocation. 18 U.S.C. § 3583(h); U.S.S.G. §7C1.4(c). Because Defendant was originally convicted of a Class C felony, the Court can impose a period of up to 24 months incarceration followed by up to 36 months supervised release (minus any term of incarceration imposed). *See* 18 U.S.C. § 3583(e)(3), (h), U.S.S.G. §7C1.4.

The Supreme Court has not resolved whether the length of sentence imposed for mandatory revocation pursuant to 18 U.S.C. § 3585(g) should be limited to the factors set forth in 18 U.S.C. § 3583(e) (section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). *Esteras v. United States*, 606 U.S. 185, 202 (2025) (declining to resolve whether § 3583(g) and (e) should be read co-terminously). The Guidelines indicate that they should, and so the Government will address those only factors. *See* U.S.S.G. § 7C1.4(a) ("[i]n the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5"), app. n.1 ("When making an individualized assessment under subsection (a), the factors to be considered are the same as the factors considered in determining whether to impose a term of supervised release.").

## III. ARGUMENT

The United States requests that the Court sentence Defendant Mason to 6 months' incarceration followed by 12 months supervised release.

### A. <u>§ 3553(a)(1): Nature and Circumstances of the Offense</u>

Defendant Mason was originally convicted of a serious offense, illegally possessing a firearm and ammunition. The nature and circumstances of defendant's admitted violation here are also very concerning. Mason was pulled over under circumstances that suggest he may have put others in the community at risk. After he was arrested, Mason sought unsuccessfully to hide the narcotics on his person from detection, even going so far as apparently concealing some of the contraband in his body. Although all parties agree that Defendant's conduct constitutes a violation of 21 U.S.C. § 844 (simple possession) and thus a Grade C violation, the large amount of cash in small denominations on his person, number of packages (6 total), and different kind of

drugs, are possible hallmarks of distribution. Regardless, cocaine and illicit fentanyl (of which ANPP-4 is a marker) are dangerous drugs; Mason clearly put himself at risk by his efforts to conceal it from police. Especially in light of Congress' determination that possession of controlled substances on supervised release merits revocation, the circumstances under which Mason possessed them here indicate a meaningful period of incarceration is appropriate.

### B. § 3553(a)(1): History and Characteristics of the Defendant

According to the PSR, Mason has a moderate criminal history besides the instant conviction. Mason was convicted in 2011 of participating in a robbery in which a firearm was brandished and was sentenced to 27 months; he was revoked again in 2016 and sentenced to serve an additional 5 months. PSR ¶ 32; *see also id.* ¶ 31 (2010 simple assault conviction, revoked to time served). He has at least two adult Superior Court controlled substances convictions, one of which appears to involve cocaine. PSR ¶ 33 (2011 misdemeanor PWID marijuana and drug paraphernalia convictions), ¶ 35 (2018 misdemeanor conviction for possession of controlled substance involving crack cocaine). And Mason was sentenced in 2021 in this case, which also involved a firearm and suspected marijuana.

In the instant case, Mason's pre-trial release was revoked after he failed to remove to pretrial for three consecutive weeks and was outside his residence on 21 occasions without permission. PSR ¶ 8. Mason's post-release compliance has also continued to be poor. Although it is not clear how many petitions have been filed in total, in most of the years he has been on supervised release in this case, Mason appears to have either refused or been unable to comply with conditions. *See* ECF No. 50 (2022 Reentry/Drug Use Petition); Min Entry 11/02/2023 (admonishing the defendant at preliminary revocation hearing to secure employment, treatment, a vocational program, and work with the officer). This Court already revoked Mason

once in early 2025 and at least considered doing so again in the summer of 2025, both before the instant conduct. Mason's criminal history and poor compliance on supervised release in this case indicates that a Guidelines sentence of incarceration is sufficient and not greater than necessary for the admitted violation conduct.

### C. § 3553(a)(2)(B), (C), (D): Deterrence, the Need to Protect the Public, and to Provide the Defendant Appropriate Programming

A meaningful period of incarceration is necessary to deter Mason specifically from seeking to possess fentanyl, cocaine, and other drugs. Despite a 27-month sentence imposed in 2011, the 16-month sentence this Court imposed on the instant conviction, and the day in jail this Court imposed on revoking Mason's supervised release, Mason still has been unwilling to conform his conduct to the law. This Court and Probation appear to have attempted to provide Mason access to resources while on supervised release, but supervision alone did not deter specifically Mason from the instant conduct. *See, e.g.,* ECF No 71 at 3 ("assistance with job readiness and employment programs, drug treatment, and mental health treatment"). A sentence of incarceration will also clearly indicate to others on supervised release that repeat non-compliance with supervision—including possessing fentanyl and cocaine – comes with serious consequences.

### D. § 3553(a)(4): The Guidelines

Defendant Mason has admitted to a Grade C violation. U.S.S.G. § 7C1.1(a)(3). According to Probation, Mason was Criminal History Category IV at the time of sentencing. *See* ECF No. 77 at 2. Accordingly, the Guidelines Range is between 6 and 12 months. U.S.S.G. §7C1.5. Given the facts underlying the violation, Mason's fairly significant criminal history and poor performance on supervised release, but accounting for his acceptance of this violation through a negotiated agreement, a bottom-of-Guidelines sentence of 6 months incarceration—consistent with the cap on the government's allocution—is appropriate here.

## IV. CONCLUSION

For the foregoing reasons, the Government recommends that the Court sentence Mason to 6 months' incarceration followed by 12 months supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Michael L. Barclay*
MICHAEL L. BARCLAY
Assistant United States Attorney
New York Reg. No. 5441423
U.S. Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669